UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKONNIE M,[1]<br><br>        Plaintiff,<br><br>v.<br><br>LELAND DUDEK,[2]<br>Commissioner of Social Security,<br><br>        Defendant. | Case No.: 22cv985-LR<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)**<br><br>**[ECF No. 24]** |

  Pending before the Court is Plaintiff's counsel's "Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(B)" ("Motion for Attorney's Fees"). (ECF No. 24.) For the reasons set forth below, the Court **GRANTS** the Motion for Attorney's Fees [ECF No. 24].

---

[1] Pursuant to Civil Local Rule 7.1(e)(6)(b), the Court's opinions in Social Security cases filed under 42 U.S.C. § 405(g) "refer to any non-government parties by using only their first name and last initial."

[2] Plaintiff named Kilolo Kijakazi, who was the Acting Commissioner of Social Security when Plaintiff's Complaint was filed on July 6, 2022, as a Defendant in this action. (See ECF No. 1 at 1.) Leland Dudek is now the Commissioner of Social Security, and he is automatically substituted as a party pursuant to Federal Rule of Civil Procedure 25(d).

# I. PROCEDURAL BACKGROUND

On July 6, 2022, Plaintiff Lakonnie M., filed a civil Complaint against Defendant Acting Commissioner of Social Security seeking judicial review of the denial of Plaintiff's application for social security disability benefits. (ECF No. 1.) The parties consented to this Court's jurisdiction on November 21, 2022. (ECF No. 17.)

On September 27, 2023, the Court issued an order finding that the ALJ erred at step two of his sequential evaluation process because he improperly evaluated Plaintiff's mental health impairment(s), and that the ALJ's error was not harmless. (ECF No. 20 at 15–16.) The Court reversed the final decision of the Commissioner and remanded the case for further proceedings. (Id. at 16.)

On November 17, 2023, the parties filed a "Joint Motion for the Award and Payment of Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act ["EAJA"], 28 U.S.C. § 2412(d)," seeking $4,475.00 in attorney's fees. (ECF No. 22.) The same day, the Court granted the motion and awarded $4,475.00 in attorney's fees pursuant to the EAJA. (ECF No. 23.)

On November 17, 2024, on remand, the Commissioner granted Plaintiff's application, entitling Plaintiff to receive $89,548.00 in past due benefits. (ECF No. 24 at 8, Decl. Lawrence D. Rohlfing ("Rohlfing Decl."); see also ECF No. 24-2.) On December 2, 2024, Plaintiff's counsel, Lawrence D. Rohlfing, filed a Motion for Attorney's Fees seeking an attorney's fee award of $7,462.00 under 42 U.S.C. § 406(b), arguing that the fee is reasonable considering the nature of his representation and the results he achieved in this case. (ECF No. 24 at 3–6.) Plaintiff's counsel further seeks an order directing him to reimburse Plaintiff $4,475.00 for the previously-awarded EAJA fees. (Id. at 7.)

On December 11, 2024, Defendant filed a response to Plaintiff's counsel's motion. (ECF No. 26.) Defendant asserts that the Commissioner of Social Security does not have a direct financial stake in the outcome of Plaintiff's counsel's motion, "plays a part in the fee determination resembling that of a trustee for the claimants," and "neither supports

nor opposes [Plaintiff's] [c]ounsel's request for attorney fees in the amount of $7,462.00 under 42 U.S.C. § 406(b)." (Id. at 2.)

## II.  LEGAL STANDARD

Section 406(b) governs an attorney's right to recover fees in a case where a judgment was rendered in favor of a Social Security disability insurance claimant. A district court may award "reasonable" attorney's fees, not to exceed twenty-five percent of the total past-due benefits awarded to the claimant. See 42 U.S.C. § 406(b)(1)(A); Gisbrecht v. Barnhart, 535 U.S. 789 (2002). The United States Supreme Court has explained that:

> § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

Gisbrecht, 535 U.S. at 807 (internal citation and footnote omitted).

In cases in which a contingency fee agreement exists, a district court should first look to the agreement and then test it for reasonableness. See id. at 808. When evaluating the reasonableness of a fee request under 42 U.S.C. § 406(b), a district court should consider the character of the representation and the results achieved. See id.; Crawford v. Astrue, 586 F.3d 1142, 1151 (9th Cir. 2009). District courts examine the following factors: (1) whether counsel's performance was substandard; (2) whether counsel engaged in dilatory conduct; and (3) whether the requested fees are excessively large in relation to the benefits achieved, *i.e.*, whether the attorney enjoyed a "windfall." Crawford, 586 F.3d at 1151–52.

The attorney's fee award under 42 U.S.C. § 406(b) is paid by the claimant out of the past-due benefits awarded. Gisbrecht, 535 U.S. at 802. The EAJA also permits an

attorney to receive fees for a successful Social Security representation.  See Parrish v. Comm'r Soc. Sec. Admin., 698 F.3d 1215, 1216–17 (9th Cir. 2012).  Fees awarded pursuant to the EAJA are paid by the government rather than the claimant.  Id. at 1218.  Attorneys are permitted to seek recovery under both 42 U.S.C. § 406(b) and EAJA, and to keep the larger fee, but they must refund the smaller fee to the claimant.  See Gisbrecht, 535 U.S. at 796; Parrish, 698 F.3d at 1218.

### III.  DISCUSSION

The contingency fee agreement between Plaintiff and Plaintiff's counsel, the Law Offices of Lawrence D. Rohlfing, Inc., CPC, provides that Plaintiff's counsel would be paid a maximum of twenty-five percent[3] of past-due benefits awarded to Plaintiff.  (See ECF No. 24-1 at 1.)  Accordingly, the contingency fee agreement is within the statutory ceiling.  See 42 U.S.C. § 406(b)(1)(A).  The Court therefore needs to analyze the character of the representation and the results achieved in this case to determine reasonableness of the fees Plaintiff's counsel is seeking.  See Crawford, 586 F.3d at 1145; see also Gisbrecht, 535 U.S. at 808.

Plaintiff's counsel prepared the briefing filed with this Court that resulted in the Court's decision reversing and remanding the case for further proceedings.  (See ECF Nos. 19 & 20.)  On remand, the Commissioner awarded Plaintiff $89,548.00 in past due benefits, and Plaintiff's counsel's representation therefore resulted in the sizeable award to Plaintiff that would not have been achieved with a substandard performance by Plaintiff's counsel.  (See Rohlfing Decl. at 8; ECF No. 24-2.)  Accordingly, Plaintiff's counsel did not render substandard representation.  See Crawford, 586 F.3d at 1151.

---

[3] Notably, the cap set forth in 42 U.S.C. § 406(b)(1)(A) limiting attorney's fees to twenty-five percent of past-due benefits applies only to fees for representation before federal court, and not to aggregate fees awarded for representation before both the court and the agency.  Culbertson v. Berryhill, 586 U.S. 53, 54 (2019); see also Ricardo A. v. Saul, Case No.: 3:19-cv-00846-AHG, 2021 WL 718605, at *2 n.3 (S.D. Cal. Feb. 24, 2021) ("[T]he 25% cap set forth in Section 406(b)(1)(A) applies solely to attorney fees for representation in federal court.").

Additionally, the Court's review of the docket in this case indicates that Plaintiff's counsel did not engage in dilatory conduct throughout litigation.  See id.; (see also Docket).

Further, the amount of time Plaintiff's counsel expended on this case is not out of proportion to the fee award.  See Crawford, 586 F.3d at 1151–52.  Twenty-five percent of $89,548.00, the amount that the Commissioner awarded Plaintiff on remand, is $22,387.00.  Plaintiff's counsel seeks an attorney's fee award of $7,462.00, which represents 8.33 percent of the past-due benefits awarded to Plaintiff.  (See ECF No. 24 at 1, 3, 5.)  Plaintiff's counsel expended 20.25 hours of combined attorney and paralegal time while representing Plaintiff.  (Id. at 3; ECF No. 24-3 at 1.)  When assessed against the proposed fee award, this amounts to a *de facto* hourly rate of $368.49 for both attorney and paralegal work, which is well within the range of rates previously approved by courts in similar cases.  See Raul M. v. O'Malley, Case No.: 3:20-cv-02378-AGS, 2025 WL 242043, at *1 (S.D. Cal. Jan. 17, 2025) (approving *de facto* rate of $471.96); Ayersman v. Berryhill, Case No.: 17-cv-1121-WQH-JMA, 2021 WL 37717, at *2 (S.D. Cal. Jan. 5, 2021) (approving *de facto* rate of $787.40); Richardson v. Colvin, Case No.: 15-cv-1456-MMA-BLM, 2017 WL 1683062, at *2 (S.D. Cal. May 2, 2017) (approving *de facto* rate of $770.00, and collecting other cases from this district approving *de facto* hourly rates of $519.00, $656.00, $666.68, $800.00, $875.00, and $902.00).

Notably, courts have recognized that "basing a reasonableness determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss." Ayersman v. Berryhill, Case No.: 17-cv-1121-WQH-JMA, 2021 WL 37717, at *2 (S.D. Cal. Jan. 5, 2021); see also Moreno v. Berryhill, No. CV 13-8492-PLA, 2018 WL 3490777, at *3 (C.D. Cal. July 19, 2018) ("Counsel assumed the risk of nonpayment inherent in a contingency agreement, [and] the fee does not exceed . . . the 25 percent statutory cap[.]").  Plaintiff's counsel in this case assumed a substantial risk of nonpayment by agreeing to be paid on a contingency basis, and counsel's work ultimately

resulted in a highly favorable result for Plaintiff.  Additionally, although Plaintiff's counsel is entitled to seek twenty-five percent of the net payable past due benefits under the terms of the contingency fee agreement ($22,387.00 based on the 89,548.00 judgment), Plaintiff's counsel only seeks $7,462.00, which amounts to 8.33 percent of the past-due benefits awarded to Plaintiff.  The Court also notes that despite being given an opportunity to do so, Plaintiff has not filed an opposition to Plaintiff's attorney's Motion for Attorney's Fees.  (See Docket; see also ECF No. 25 at 1–2.)

After an independent review, the Court concludes that the attorney's fees Plaintiff's counsel is seeking pursuant to 42 U.S.C. § 406(b) are reasonable.  However, because Plaintiff was awarded $4,475.00 in fees pursuant to the EAJA, the award of § 406(b) fees must be offset in that amount.  See Gisbrecht, 535 U.S. at 796 (proving that an award of § 406(b) fees must be offset by any prior award of attorney's fees granted under the EAJA).

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's counsel's Motion for Attorney's Fees [ECF No. 24].  The Court awards Plaintiff's counsel, the Law Offices of Lawrence D. Rohlfing, Inc., CPC, attorney's fees in the amount of $7,462.00.  The Court further **ORDERS** Plaintiff's counsel, the Law Offices of Lawrence D. Rohlfing, Inc., CPC, to reimburse Plaintiff, Lakonnie M., $4,475.00, the amount Plaintiff's counsel received under EAJA.

**IT IS SO ORDERED**.

Dated:  May 1, 2025

Honorable Lupe Rodriguez, Jr.
United States Magistrate Judge